UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JARED BEEBE,

  Plaintiff,

v.

TIM GARRET, et al.,

  Defendants.

Case No.: 2:24-cv-00084-APG-DJA

**ORDER**

On January 10, 2024, pro se plaintiff Jared Beebe, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), submitted a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1). Plaintiff's IFP application is incomplete because he did not include a financial certificate and an inmate trust fund account statement for the previous six-month period with it. Plaintiff, however, filed a document titled "Full Power of Attorney by Incarcerated Person" that names Kristin Neal to act as an agent on his behalf, and a letter from Neal asking the Court to grant Plaintiff relief, including to accept his IFP application as is. (ECF No. 1-3). For the reasons discussed below, the Court denies all requests in Neal's letter, but it grants Plaintiff an extension of time to either pay the full filing fee or file his missing financial documents.

I.     **DISCUSSION**

A.     **Plaintiff's Power of Attorney and Neal's Letter**

Neal's letter states that Plaintiff was recently transferred from Northern Nevada Correctional Center to Southern Desert Correctional Center, Plaintiff's legal mail is being withheld, his financial certificate was confiscated, and he wants the Court to accept his IFP application as is. (ECF No. 1-3 at 1.) Neal also asks that any correspondence be sent to both her and Plaintiff, so they can ensure that Plaintiff's mail is not being "intercepted" and maintained for "safekeeping." (*Id.*) Neal is not a party to this action. And there is no indication that she is licensed to practice law in the State of Nevada or before this Court.

Neal might be attempting to use the Power of Attorney to either appear pro se in Plaintiff's place or act as his attorney. But in Nevada, "a nonlawyer agent under a power of attorney is not entitled to appear pro se in place of the principal or engage in the practice of law on the principal's behalf." *Eby v. Johnston Law Office, P.C*, 518 P.3d 517, 526 (Nev. Ct. App. 2022). Rather, litigants who are not represented by counsel are pro se and have the right to plead and conduct their own cases personally. 28 U.S.C. § 1654. Because Neal is not a licensed attorney, she cannot prepare legal documents for Plaintiff or argue in court on his behalf. And because Neal is neither an attorney or party in this action, the Court cannot provide her courtesy copies of correspondence or filed documents.

All requests in Neal's letter are therefore denied. If Neal wishes to receive paper copies of electronically filed documents from the Court, the cost is $0.10 per page, and she must follow the instructions on the Court's Copy and Service Request form, which is available on the Court's public website. Nev. LR IC 1-1(i)(5); 28 U.S.C. § 1914. Or if Neal wishes to view the documents and files maintained in electronic form, she can do so "free of charge in the clerk's office during regular business hours" or on the internet by obtaining a PACER login and password. Nev. LR IC 1-1(i)(1), (2).

**B.    Filing fee**

This Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. L.R. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the

**inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. L.R. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

It appears that Plaintiff was recently transferred to a different prison and requires more time to obtain his financial certificate and inmate trust fund account statement from NDOC officials. The Court finds that good cause exists to extend the deadline for Plaintiff to either pay the full filing fee or complete his IFP application by filing his missing financial documents.

## II.   CONCLUSION

It is therefore ordered that all requests in Neal's letter (ECF No. 1-3) are denied.

Plaintiff is cautioned that the Court will disregard any additional requests made by persons who are not Plaintiff himself or a licensed attorney who appears on his behalf.

It is further ordered that Plaintiff has **until April 8, 2024**, to either pay the full $405 filing fee or file with the Court a completed financial certificate that is signed both by the inmate and the prison or jail official and a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is further cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

The Clerk of the Court is directed to send Plaintiff Jared Beebe the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same and retain the complaint (ECF No. 1-1) but not file it at this time.

DATED this 6th day of February 2024.

UNITED STATES MAGISTRATE JUDGE

3